﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200612-91302
DATE: November 30, 2020

REMAND

Entitlement to service connection for gastric ulcers, to include as secondary to medication for service-connected knee and back conditions, is remanded.

Entitlement to service connection for gastritis with focal mucosal erosions and foveal hyperplasia, to include as secondary to medication for service-connected knee and back conditions, is remanded.

Entitlement to service connection for a sliding hiatal hernia, to include as secondary to medication for service-connected knee and back conditions, is remanded.

Entitlement to service connection for esophageal varices, to include as secondary to medication for service-connected knee and back conditions, is remanded.

Entitlement to service connection for liver condition with portal hypertensive gastropathy, to include as secondary to medication for service-connected knee and back conditions, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from March 1971 to July 1974. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a July 2018 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). After the Veteran’s timely appeal, VA then issued, in May 2020, the requisite Statement of the Case (SOC). On his June 2020 VA Form 10182, the Veteran checked off the box that he wished to opt into the modernized system of review by withdrawing out of the legacy system of appeals the issues listed on the SOC. Thus, the Veteran’s appeal now is reviewed under the modernized system. See 38 C.F.R. § 19.2(d)(2). The Veteran selected the direct-review lane, so only the evidence available to the RO at the issuance of the May 27, 2020, SOC, and no other, will be considered. See 38 C.F.R. §§ 20.202(b)(1), (c)(1), 20.301.

At his March 2020 Decision Review Officer (DRO) hearing, the Veteran explained that the use of his nonsteroidal anti-inflammatory drugs (NSAIDs) for his service-connected knees and back “is what is causing these conditions”; see also April 28, 2018, Correspondence, which includes two medical articles discussing the effects that NSAIDs can have on the gastrointestinal system.

Unless the issue or issues on appeal can be granted in full, the Board must remand the appeal to the agency of original jurisdiction (AOJ) for correction of an error on the part of the AOJ to satisfy its duties under 38 U.S.C. § 5103A, if the error occurred prior to the date of the AOJ decision on appeal. The Board may remand for correction of any other error by the AOJ in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the appellant’s claim. The remand must specify the action to be taken by the AOJ. 38 C.F.R. § 20.802(a).

The DRO mentioned above agreed to have the Veteran’s claims file reviewed and medical opinions obtained. These were completed in late May 2020. The associated medical opinion for each condition will be explained.

With respect to the Veteran’s liver condition, the examiner provided the following opinion:

The two conditions are not medically related. The claimed liver disorder is a separate entity entirely from the service connected condition and unrelated to it. The medical literature does not support a medical relationship. Veteran diagnosed with non-alcoholic steatohepatitis on biopsy. This is due to metabolic syndrome, diabetes and obesity. NASH is not treatable at this time and often progresses to cirrhosis. In cirrhosis, the scarring of the liver impedes the blood flow in the liver. The obstructed blood flow leads to increased pressure (HTN) in the portal vein which in turn causes portal HTN gastropathy. “PHG also develops as a result of increased resistance to portal flow. The gastric mucosa becomes congested with dilated and distended capillaries.” A nexus to any orthopedic knee condition has not been established.

With respect to the Veteran’s esophageal varices, the opinion stated:

The two conditions are not medically related. The claimed esophageal varices disorder is a separate entity entirely from the service connected left knee condition and unrelated to it. The medical literature does not support a medical relationship in any way. The main cause of esophageal varices is severe liver disease in this case cirrhosis from NASH. Other causes include infectious conditions and blood clots. Varices form when blood flow to your liver is blocked, most often by scar tissue in the liver caused by liver disease. The blood flow begins to back up, increasing pressure within the portal vein and varices develop. A nexus to an orthopedic condition has not been established.

The sliding hiatal hernia issue received the following opinion:

Unable to confirm a current chronic diagnosis of small sliding hiatal hernia with current available records (2019 EGD) and/or today’s exam. Therefore no nexus or plausible secondary relationship is established.

Also the literature shows a hiatal hernia is caused by Age-related changes in your diaphragm. Injury to the area (trauma or certain types of surgery), being born with an unusually large hiatus, persistent and intense pressure on the surrounding muscles, such as while coughing, vomiting, straining during a bowel movement, exercising or lifting heavy objects. No nexus to an orthopedic condition or NSAID use for an orthopedic condition exists as the conditions are medically unrelated.

For the gastric ulcers: “Unable to confirm a current chronic GASTRIC ULCER diagnosis with current available records (egd) and/or today’s exam. Therefore no nexus or plausible secondary relationship is established.”

Lastly, the gastritis: “Unable to confirm a current chronic gastritis with focal mucosal erosions diagnosis with current available records (egd) and/or today’s exam. Therefore no nexus or plausible secondary relationship is established. There is no such condition as foveal hyperplasia. Foveal hypoplasia is an eye condition.”

The Board finds that these opinions are inadequate. First, the Board turns to the private medical evidence submitted by the Veteran. July and September 2014 biopsy results reveal that the Veteran has gastric ulcers; a September 2015 upper endoscopy shows that the Veteran has a small, sliding hiatal hernia; and a December 2017 note shows a stomach biopsy resulting in chronic gastritis with focal mucosal erosion. The May 2020 VA examination report, while it noted that the claims file was reviewed, indicated that the only pertinent procedure done was an April 2019 upper endoscopy, which revealed esophageal varices. The associated opinions mention only this study and do not discuss the private medical evidence, which supports finding that the Veteran may have other gastrointestinal conditions.

Furthermore, the opinions that were provided, save the one for the hiatal hernia, do not address the Veteran’s contentions and associated evidence in support thereof. The Veteran clearly has articulated his belief that his use of NSAIDs for his service-connected knees and back have caused his current gastrointestinal problems and provided two related articles discussing that point. The May 2020 examiner, however, neither commented on the relation between the use of NSAIDs and gastrointestinal conditions nor specifically discussed the Veteran’s submitted articles. Thus, as a pre-decisional-duty-to-assist error, remand is required so that adequate examinations and opinions can be obtained. See 38 C.F.R. § 20.802(a).

The matters are REMANDED for the following action:

1. Obtain addendum opinions to the May 2020 medical opinions. If an addendum opinion cannot be provided in the absence of an examination, such examination shall be procured The addendum opinions shall answer the following:

(a.) Does the Veteran have a diagnosis of gastric ulcers, gastritis with focal mucosal erosions and foveal hyperplasia, a sliding hiatal hernia, esophageal varices, or a liver condition with portal hypertensive gastropathy? In answering this question the examiner must respond to the Veteran’s private medical records, which include, but are not limited to, July and September 2014 biopsy results reveal that the Veteran has gastric ulcers; a September 2015 upper endoscopy showing that the Veteran has a small, sliding hiatal hernia; and a December 2017 note showing a stomach biopsy resulting in chronic gastritis with focal mucosal erosion.

(b.) For each diagnosed condition, is it at least as likely as not (a fifty percent probability or greater) that the Veteran’s use of any NSAIDs for his service-connected knees or back proximately caused or aggravated beyond natural progression, that condition? In answering this question, the examiner specifically must respond to the two articles submitted by the Veteran: “Non-Steroid Anti-Inflammatory Medicines (NSAIDs),” by the Cleveland Clinic, and “Recognizing the Risks of Chronic Nonsteroidal Anti-Inflammatory Drug Use in Older Adults.”

Note: The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as against it.

A detailed rationale supporting the examiner’s opinions must be provided. The lack of documented treatment in service, while probative, cannot serve as the sole basis for a negative finding. If an opinion cannot be made without resort to speculation, the examiner should so state and provide reasoning as to why a conclusion would be so outside the norm that such an opinion is not possible.

2. After all development has been completed, readjudicate the Veteran’s claims.

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded for additional development or other appropriate action by the Board or United States Court of Appeals for Veterans Claims must be handled in an expeditious manner. 38 U.S.C. §§ 5109B, 7112.

(SIGNATURE ON NEXT PAGE)

 

 

JONATHAN B. KRAMER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Trevor T. Bernard, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.